Walter R. Hart, J.
This is an action by plaintiff to recover damages for the breach of the covenant against the existence of building violations at the time of the execution of the contract of sale on certain premises on November 16, 1953. The agreement provided that defendant vendor would comply with all notices of violation and municipal ordinances including those of the Department of Housing and Buildings filed prior to the execution of the contract. It was further provided that the covenant against violations would survive delivery of the deed. The complaint alleges that defendants received a notice of violation dated June 7, 1950 which required them to remove all projections beyond the building line including- the front stoops thereof, but failed to do so at the time of closing of title on November 23, 1953. As a consequence, plaintiff was compelled *185 by the Housing Department to expend moneys to remove the stoops of the building and comply with the notice of violations.
As an affirmative defense defendants allege that prior to November 23, 1953 plaintiff knew or should have known of the violation on record. Plaintiff now moves, pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, to dismiss the defense for insufficiency and to vacate defendants’ notice of examination before trial insofar as it demands that plaintiff produce upon the examination the title report and policy issued in connection with the transfer. The motion is granted. Clearly, plaintiff’s knowledge or lack of knowledge at the time of closing of title of the violation does not exonerate defendants from their express covenant to be liable for violations in existence at the time the contract of sale was executed where, as here, it was provided that the covenant was to survive delivery of the deed (Russ v. Lakeview Development, 133 N. Y. S. 2d 641).. Plaintiff, with full knowledge of the violations, could elect to take title and rely on defendants’ compliance with their covenant to remain responsible for the expense of removing the violations thereafter.
Defendants cross-move to amend the answer so as to allege that when plaintiff accepted the deed he had full knowledge of the violation ‘ ‘ and by reason thereof has waived his right to an estoppel from enforcing the warranty. ’ ’ In addition to being vague and confusing, the proposed amended defense purporting to allege a waiver and/or estoppel is conclusory in nature and fails to set forth the necessary ultimate facts from which a waiver or estoppel could be inferred. Accordingly, defendants’ cross motion is denied.